```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD C. ACKOUREY, JR.         : CIVIL ACTION
d/b/a GRAPHIC STYLES/STYLES      :
INTERNATIONAL LLC,               :
                                 :
          Plaintiff,             :
                                 :
     v.                          :
                                 : NO. 09-CV-5454
MOHAN'S CUSTOM TAILORS, INC.     :
and MIKE RAMCHANDANI,            :
                                 :
          Defendants.            :
```

**MEMORANDUM AND ORDER**

**Joyner, C.J.**                                      **August 29, 2011**

Before this Court are Defendants' Motion for Partial Summary Judgment (ECF No. 15), Plaintiff's Response in opposition thereto (ECF No. 17), Defendants' Reply in further support thereof (ECF No.. 21), and Plaintiff's Surreply in further support of the Motion (ECF No. 24). For the reasons set forth in this Memorandum, the Defendants' Motion is GRANTED in part and DENIED in part.[1]

**I. BACKGROUND**

Richard C. Ackourey, Jr. doing business as Graphic Styles/Styles International LLC, ("Plaintiff") "produces, displays, and distributes stylebooks containing copyrighted

---

[1] Defendants requested oral argument on the motion. The Court concludes that oral argument is unnecessary based on the adequate submissions by the parties. See generally Local R. Civ. P. 7.1(f).

1

drawings and graphic representations of men's and women's clothing styles."  (Compl. ¶ 3-4.)  In 2004, Plaintiff obtained from Graphic Fashions, Inc. rights to reproduce, display, distribute and create derivatives of all copyrighted work owned by Graphic Fashions, Inc.  In 2006, Plaintiff published the "Styles International Best of Seasons 2006" stylebook ("2006 Stylebook"), containing 160 to 260 drawings.  Of these drawings, some were reproduced from at least 27 prior stylebooks published by Graphic Fashions, Inc. and other drawings were original.  The 2006 Stylebook was registered with the United States Copyright Office ("Copyright Office") under registration number TX 6-956-762, effective January 30, 2009.  (Def.'s Mot. Summ. J. Ex. B).  By 2007, Graphics Fashions, Inc. assigned all of its ownership rights in its copyrights to Plaintiff.

Mike Ramchandani is president of Mohan's Custom Tailors, Inc. (collectively "Defendants").  In March or April of 2006, Defendants received a copy of the 2006 Stylebook and in 2008, Defendants created and printed 1000 copies of Mohan's Custom Tailors Catalog ("Catalog").  In 2009, Plaintiff received a copy of the Catalog and subsequently filed suit alleging that Defendants violated the Copyright Act of 1976, 17 U.S.C. §§ 101-810 ("Copyright Act") by publishing the Catalog with 123 images copied directly from the 2006 Stylebook without authorization.  Plaintiff is seeking, amongst other relief, statutory damages and

attorney's fees and costs.  See 17 U.S.C. §§ 504(c), 505.

## II. STANDARD OF REVIEW

Upon considering a motion for summary judgment, the Court shall grant the motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a). In making a determination, "inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (alteration in original) (internal quotation marks omitted).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  "The party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading; its response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001) (alteration in original) (internal quotation marks omitted).

## III. DISCUSSION

Defendants seek summary judgment on the issue of Plaintiff's claims for statutory damages and attorney's fees.  Defendants contend that because their alleged copyright infringement is

3

based solely on material copied from Plaintiff's 2006 Stylebook and the copyright to the stylebook was not timely registered (i.e. not within 3 months of first publication) but registered after the alleged infringement commenced, statutory damages and attorney's fees are barred by 17 U.S.C. § 412.  Plaintiff counters that the 2006 Stylebook contains images reproduced from numerous stylebooks previously copyrighted by Graphic Fashions, Inc.--works registered well before Defendants' infringement commenced--and entitling Plaintiff to statutory damage awards for each of those infringed stylebooks.  A decision on Defendants' motion requires an analysis of sections 412 and 504 of the Copyright Act.

**A. Copyright Registration as a Prerequisite to Statutory Damages under 17 U.S.C. § 412.**

The Copyright Act affords plaintiffs two types of relief against a copyright infringer.  The copyright owner may elect to either: (a) recoup his or her actual damages and the infringer's profits attributable to the infringement or (b) collect special statutory damages.  17 U.S.C. §§ 504(a)-(b).  The copyright holder may choose "at any time before final judgment is rendered" to recover statutory damages in lieu of actual damages and profits.  Id. § 504(c)(1).  However, in two instances, the owner of a work must first register his copyright with the Copyright Office to recover statutory damages.  Section 412 reads in

relevant part:

> [N]o award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for--(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

Id. § 412.  Although § 412 establishes a prerequisite to awarding statutory damages, it is no hindrance to a claimant's pursuit of actual damages and profits.

Defendants argue that because any infringement of the 2006 Stylebook occurred after its first publication and before its registration's effective date, Plaintiff must be denied statutory damages and attorney's fees.  Plaintiff first published the 2006 Stylebook on May 1, 2006 and the registration (Reg. No. TX 6-956-762) became effective on January 30, 2009.  (Def.'s Mot. Summ. J. Ex. B.)  Defendants' alleged infringement commenced when they produced the Catalog in 2008.  Thus, Plaintiff is clearly precluded from seeking statutory damages or attorney's fees for infringement of copyright TX 6-956-762.  See On Davis v. The Gap, Inc., 246 F.3d 152, 158 n.1 (2d Cir. 2001); Ackourey v. La Rukico Custom Tailor, No. 11-CV-2401, 2011 WL 2790271, at *4 (E.D. Pa. July 15, 2011); Schiffer Publ'g, Ltd. v. Chronicle Books, LLC, No. 03-CV-4962, 2005 WL 67077, at *4 (E.D. Pa. Jan. 11, 2005) ("Courts have consistently refused to award statutory damages or

attorney's fees when the infringement commences before the work is registered.").

In its complaint, Plaintiff did not specify which of its numerous copyrights were infringed. (Compl. ¶ 26 ("Defendants have infringed the copyrights of at least 123 images . . . from the Graphic Styles 2006 stylebook and displayed in the Mohan's order catalog.").) Plaintiff amplified its infringement claim in response to Defendants' motion. With respect to copyright TX 6-956-762, Plaintiff does not argue the issue of statutory damages. Instead, Plaintiff alleges Defendants infringed 27 other copyrighted works reproduced as part of the 2006 Stylebook. (Pl.'s Opp'n Mem. at 1, 4-5.) Of those, Plaintiff asserts twelve copyrights were registered prior to the 2006 Stylebook's initial publication[2]. Although § 412 is silent as to compilations, § 103 of the Copyright Act reads in part:

---

[2]The twelve copyrights are: Fashions International Fall & Winter 1973-1974, Reg. No. A440404, published 5/15/1973, registered 6/6/1973; Fashions International Spring & Summer 1975, Reg. No. A591921, published 11/15/1974, registered 12/23/1974; Fashions International Fall & Winter 1980-1981, Reg. No. TX 0-539-997, published 5/1/1980, registered 7/14/1980; Fashions International Fall & Winter 1981-1982, Reg. No. TX 0-731-329, published 5/1/1981, registered 7/30/1981; Fashions International Fall & Winter 1984-1985, Reg. No. TX 1-378-891, published 5/30/1984, registered 6/14/1984; Fashions International Fall & Winter 1986-1987, Reg. No. TX 1-838-271, published 6/1/1986, registered 6/11/1986; Fashions International Fall & Winter 1987-1988, Reg. No. TX 2-150-566, published 6/16/1987, registered 7/24/1987; Fashions International Spring & Summer 1988, Reg. No. TX 2-240-703, published 1/2/1988, registered 1/19/1988; Fashions International Autumn & Winter [1989-1990], Reg. No. TX 2-611-019, published 6/1/1989, registered 6/30/1989; Fashions International Fall & Winter 1990-1991, Reg. No. TX 2-902-726, published 6/1/1990, registered 8/15/1990; Fashions International Spring & Summer 1991, Reg. No. TX 3-053-310, published 1/1/1991, registered 3/12/1991; Fashions International Spring & Summer 1993, Reg. No. TX 3-446-818, published 12/6/1992, registered 12/9/1992. (Pl.'s Opp'n Mem. at 5, Ex. A.)

> The copyright in a compilation or derivative work
> extends only to the material contributed by the author
> of such work, as distinguished from the preexisting
> material employed in the work, and does not imply any
> exclusive right in the preexisting material.  The
> copyright in such work is independent of, and does not
> affect or enlarge the scope, duration, ownership, or
> subsistence of, any copyright protection in the
> preexisting material.

17 U.S.C. § 103(b).  Furthermore the Copyright Act defines a compilation as "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." Id. § 101.  The registration certificate denotes the material falling under the claim to be composed of "text, compilation, editing, artwork" and excludes text and artwork protected under preexisting copyright registrations[3].  (Def.'s Mot. Summ. J. Ex. B.)  Thus, copyright TX 6-956-762 only extends to new, previously uncopyrighted material contained in the 2006 Stylebook.  The copyright protections in the preexisting material are undisturbed and remain independently enforceable.  Section 412 does not stand as a barrier to statutory damages and attorney's fees for Defendants' alleged infringement of the twelve preexisting copyrights (Reg. Nos. A440404, A591921, TX 0-539-997, TX 0-731-329, TX 1-378-891, TX 1-838-271, TX 2-150-566, TX 2-240-703, TX

---

[3] Namely, two copyright registrations are listed: TX 5-037-124, effective in 1999, and TX 2-902-726, effective in 1998.

2-611-019, TX 2-902-726, TX 3-053-310, TX 3-446-818)--all of which were published and timely registered between 1973 and 1992.

Defendants note "Congress chose to deny the extraordinary remedies of statutory damages and attorney's fees where registration was not promptly made." (Def.'s Reply at 5 (internal quotation marks omitted).) The Court agrees and because the twelve aforementioned copyrights were promptly registered after their dates of first publication, § 412 does preclude Plaintiff from seeking statutory damages and attorney's fees.

**B. Availability of Statutory Damages under 17 U.S.C. § 504**

The parties dispute whether Plaintiff may seek one or several statutory damage awards. Statutory damages are permitted "for all infringements involved in the action, *with respect to any one work*, . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1) (emphasis added). Statutory damages are awarded on a per work basis and if an infringer is liable for infringing several works, the minimum statutory damages are multiplied for each additional work infringed. See Rodgers v. Eighty Four Lumber Co., 623 F. Supp. 889, 890-92 (W.D. Pa. 1985); H.R. REP. NO. 94-1476, at 117 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5778 ("Where the suit involves infringement of more than one separate and independent work, minimum statutory damages for each work must be

awarded.").

Defendants argue any alleged infringement of the 2006 Stylebook constitutes one work for the purposes of assessing statutory damages. (Def.'s Reply at 5-6.) As Defendants point out, § 504(c)(1) states: "For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work." 17 U.S.C. § 504. Plaintiff counters that it is entitled to multiple statutory damage awards because the 2006 Stylebook comprises multiple works--it contains images previously published and copyrighted in at least 27 prior works.

Whether or not a work is a compilation is a mixed question of law and fact. Bryant v. Media Right Prods., Inc., 603 F.3d 135, 140 (2d Cir. 2010) (citing Gamma Audio & Video, Inc. v. Ean-Chea, 11 F.3d 1106, 1116 (1st Cir. 1993). In this case, both parties admit that the 2006 Stylebook is a compilation. (See Compl. ¶ 11, 25; Def.'s Mot. Summ. J. at 1; Pl.'s Opp'n Mem. at 2.) The copyright registration certificate for the 2006 Stylebook indicates the work is a compilation. (Def.'s Mot. Summ. J. Ex. B.) Plaintiff created the 2006 Stylebook by "selecting over 250 appropriate drawings from over 55 stylebooks previously published by Graphic Fashions, Inc., preparing descriptions and introductory messages, including explicit copyright warnings, organizing the layout of the stylebook, and arranging its printing." (Pl.'s Opp'n Mem. at 3.) By the

statutory definition of a compilation, 17 U.S.C. § 101, and the parties' own admissions, the 2006 Stylebook is a compilation. Under the plain language of the Copyright Act, Plaintiff is entitled to one statutory damage award for any and all infringement of the 2006 Stylebook.  See id. § 504(c)(1). "[P]arts of a compilation . . . for purposes of statutory damages . . . constitute one work."  Schiffer, 2005 WL 67077 at *3 (alteration in original) (quoting Xoom, Inc. v. Imageline, Inc., 323 F.3d 279, 285 (4th Cir. 2003)); accord Bryant, 603 F.3d at 141; UMG Recordings, Inc. v. MP3.COM, Inc., 109 F. Supp. 2d 223, 225 (S.D.N.Y. 2000)(commenting that a contrary outcome "would be to make a total mockery of Congress' express mandate that all parts of a compilation must be treated as a single 'work' for purposes of computing statutory damages"); Stokes Seeds Ltd. v. Geo. W. Park Seed Co., 783 F. Supp. 104, 106 (W.D.N.Y. 1991).

  Plaintiff's independent copyrights predating the 2006 Stylebook's publication are inconsequential in light of the plain language of Section 504(c)(1).  In Bryant v. Media Rights Productions, Inc., the defendant made unauthorized copies of two of plaintiff's albums of music containing ten songs each.  603 F.3d at 137.  Rejecting the plaintiff's argument that it was entitled to statutory damages awards for each of the twenty copyrighted songs infringed, the Second Circuit explained that the plaintiff may be granted one statutory damage award for each compilation, that is, one for each of the two albums.  Id. at

10

140-41.  The court stated, "[t]he fact that each song may have received a separate copyright is irrelevant to this analysis."  Id. at 141.  Likewise, Plaintiff's preexisting copyrights to the 2006 Stylebook's constituent parts are irrelevant.

Plaintiff's reliance on Cohen v. United States, 94 Fed. Cl. 165 (2010) to support its claim that it is entitled to multiple statutory damage awards is misplaced.  The court in Cohen, interpreting sections 103(b) and 411(a) of the Copyright Act, held that "the copyright in a compilation is . . . separate and distinct from the copyright in the original works comprising the compilation."  Id. at 171.  Section 411(a) states in relevant part, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).  The court was not presented with the issue of computing statutory damages and did not cite § 504 in its opinion.  While Cohen may be pertinent to the preregistration requirement of § 411, it is irrelevant to a § 504(c)(1) analysis.

Defendants would have this Court eliminate Plaintiff's right to statutory damages altogether.  This goes too far.  According to Defendants' reasoning, Plaintiff is entitled to one statutory damage award for the infringement of one compilation--the 2006 Stylebook.  Then because that single compilation was registered after the alleged infringement commenced, statutory damages must

11

be denied under § 412 of the Copyright Act.  The problem with this reasoning is that it conflates the special purpose meaning of "compilation" as "one work" in § 504(c)(1) with its distinct meaning in the context of § 412.  For the purpose of computing statutory damages, "although they are regarded as independent works for other purposes, 'all the parts of a compilation or derivative work constitute one work' for this purpose."  H.R. REP. NO. 94-1476, at 117, reprinted in 1976 U.S.C.C.A.N. 5659, 5778.  This duality in the meaning of "work" is not unique to this particular case.  For example, in Gamma Audio & Video, Inc. v. Ean-Chea, the First Circuit recognized another such duality: "copyrights in multiple works may be registered on a single form, and thus considered one work *for the purposes of registration . . . while still qualifying as separate 'works' for purposes of awarding statutory damages."  11 F.3d at 1117.  If Defendants seek to avoid liability for statutory damages and attorney's fees, it must be on grounds other than § 412.

    The Court does not hold, and Defendants do not argue, that Plaintiff is precluded from pursuing its infringement claims for every copyright infringed.  Nor does the Court hold that Plaintiff is precluded from seeking actual or statutory damages for each infringed work.  Instead, for the limited purpose of determining statutory damages for infringement of the 2006 Stylebook, Plaintiff is limited to pursuing a single statutory damage award.

## **IV. CONCLUSION**

For the aforementioned reasons, Defendants' Motion for Partial Summary Judgment is granted in part and denied in part.

_____