**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICHARD C. ACKOUREY, JR. d/b/a GRAPHIC STYLES/STYLES INTERNATIONAL LLC, Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 09-cv-5454 |
| MOHAN'S CUSTOM TAILORS, INC. and MIKE RAMCHANDANI, Defendants. | : | |

**ORDER**

AND NOW, this 5th day of January, 2012, upon consideration of Plaintiff's Motion for Correction and Modification (ECF No. 27) and responses thereto (ECF Nos. 29, 31), it is hereby ORDERED the Motion is GRANTED. A corrected Memorandum on Partial Summary Judgment is attached to this Order and replaces the Memorandum dated August 29, 2011 (ECF No. 25).[1]

[1]Plaintiff alleges the Court's Memorandum pursuant to an Order granting the defendants partial summary judgment requires corrections to three statements. Plaintiff correctly points out that a drafting error was made on page 8 of the Memorandum and the word "not" was omitted. (Pl.'s Mem. 1-2.) The revised Memorandum attached to this Order contains the omitted "not" to make the statement consistent with the Court's opinion. Plaintiff's other two proposed corrections, if accepted, would alter the court's interpretation of the Copyright Act and lead to an entirely different legal conclusion. Thus, these proposed corrections are more aptly classified as arguments in support of a motion for reconsideration. "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (quoting same). Plaintiff does not argue there has been an intervening change in the controlling law, nor that there is new evidence. Rather, Plaintiff contends the Court reached the wrong legal conclusion. Plaintiff rejects the Court's reasoned finding that any alleged infringement by Defendants of copyrighted works found within

BY THE COURT:

s/J. Curtis Joyner
J. CURTIS JOYNER, C.J.

---

the pages of the "Styles International Best of Seasons 2006" stylebook are redressable by a single statutory damage award, at most. A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through-rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotation marks and alterations omitted). The Court has already given Plaintiff's legal arguments thorough consideration and Plaintiff has not provided the Court with a sufficient reason to reconsider its holding. Plaintiff's request for reconsideration is denied.